The next case on our calendar is Todd Z. Bank v. GoHealth, LLC Good morning, this is Todd Bank. Can you hear me? Where are you? I'm in my office. I'm calling in by telephone. I can't see you. I can hear you, but I can't see you. Right. I just called in by telephone. That's why. You don't have access to things like Zoom? I had requested. I had made a motion to appear by telephone, and that was granted. All right. Continue. Okay. But you can hear me all right? I can hear you all right. Okay. Very good. All right. So, the first point is, the overriding point that I made in the brief, is that the district court, upon dismissing the action, should have done so with leave to replead. Now, just by way of background, I know the defendant made a whole thing of the fact that I had twice amended the complaint. But the first time I amended it, it was done as a right. And the second time, it was done to correct a very, very minor error that the defendant's counsel had notified me of. And although the amendments that I made had been made after I was informed by defense counsel of their point of view regarding the sufficiency of the allegations, I had not yet received input from the court. And this is a critical distinction, because unless it appears, and this is the general case law, regarding leave to replead upon dismissal, which is that unless it appears beyond doubt that a plaintiff cannot plead any set of facts that would entitle him to relief, leave to replead should not be denied, where the only review of the allegations have been provided, as in this case, by the opposing party. And this court recognized, in the Loralee case, that without the benefit of a definitive ruling on the pleading, that is a ruling by the court, not just an expression of opinion by opposing counsel, that many a plaintiff will not see the necessity of an amendment. So in this case, for example, I had opposed the dismissal motion, and I did not agree with the point that the dismissal motion was made. At that time, I only had the input of the defendant. I had not had any input from the court. To the extent that the court agreed with the defendant's point, at that time I then had input from the court. But I'm not obligated to simply accept what defense counsel says, just as they wouldn't be required to just accept what I say. But it's a different story, a very different story, when the court provides its input. But once the court did that, the court then said, well, I've already amended the complaint, or I already have the benefit of defense counsel's input, and therefore I cannot re-plead. Even though the court never made the critical finding that leave to re-plead was not possible, that it would be futile, and perhaps the court thought that, perhaps not, but the district court never made that finding. So the district court was simply wrong. The case was very clear that the district court abused its discretion in saying that because I have the benefit of defense counsel's input, I cannot further amend the complaint. And just another point, the defendant says, well, I've had similar cases, even though every case is factually distinct, as the district court itself recognized. The defense counsel says, well, I had other cases that were dismissed, and therefore in those other cases I had input from the court, and therefore I shouldn't be allowed to amend in this case. But the defendant did not cite any authority for its contention that rulings in other cases, whether I've been involved in those others or not, but in this case I was, defense counsel cited no authority for the notion that it should be held against me because of whatever it is that might have happened in other cases. The issue is what happened in this case. And the district court did say that, quote, the problem with plaintiff's causes of action is substantive, such that better pleading will not cure it. But there was no actual explanation for that. The court didn't say, well, here is why that even if plaintiff repleaded and perhaps alleged this or that or something else, that he couldn't state a cause of action. There was no finding. There's no way to know from what the district court said. Mr. Bank, did you ever want to get to the substance of your complaint? Not really because the ‑‑ I don't mind discussing that for sure. But the reason I say that is because that was the only issue I asserted on appeal, which I did not claim on appeal that the dismissal was erroneous. What I claimed was simply that given the dismissal, it should have been granted with leave to replead. So I'm really not ‑‑ I'm actually not challenging the dismissal, only the denial of leave to replead. And what were you going to replead? I'm sorry? What facts were you going to add if you were allowed to replead? Well, again, Judge, that's part of the point, which is that was never part of the equation. Because, again, I did not agree with the defendant's dismissal motion, and that's my right. Right, but I'm asking you what you would have pled if you had the right to replead. If I had the right to replead, I would have pled some more details about the defendant's operations and the people to whom I was transferred during the robocall. But, again, the real point is that the district court never explained why repleading would be futile. And that's critical. Essentially what the district court said was that, well, I had other cases that were dismissed, even though they were distinguished as the district court acknowledged, and that I had the benefit of the defendant's argument. But that's not what the case law says. It's actually quite the opposite. In fact, I cited cases in which the plaintiffs had repeatedly amended the complaint, did not even ask for leave to replead, and the courts still grant the leave to replead, saying that, look, up until this ruling, the dismissal ruling, that the plaintiff did not have the benefit of the court's input, only the defendant's point of view, which is not what counts. So the idea that leave to replead, or repleading, I should say, would be futile, I don't even know if it was speculative because the court never even explained it. There was nothing in the complaint that said, oh, there's no set of facts consistent with what was alleged in the last complaint that could state a cause of action. That would be the standard. But that's not what happened here. The district court never even said it did. The district court simply said, well, I had the benefit of defense counsel's input, therefore I can't replead. And that's just not what the case law says. Thank you. I don't know if you can see our time system. No. Well, you have seven seconds left, so I'll assume that concludes your direct presentation. We'll hear from opposing counsel. That would be fine. We'll hear from the appellee. Thank you. Thank you. Good morning, Your Honors. May it please the court, Benjamin Schatz of Nat Phelps and Phillips for the Defendant and Appellee Go Health, LLC. Did you come all the way from California for this argument? Yes, Your Honor. Thank you. There was no abuse of discretion in denying leave to amend after three attempts by the plaintiff to plead a proper complaint. And both the magistrate judge and the district court judge recognized that Mr. Banks' case should be dismissed without leave. And the law in this circuit is very clear that the district court judges have considerable discretion to deny leave after previous attempts. In fact, the law is clear that leave should be denied if futility exists. And here Mr. Bank knew the facts because, of course, he is the plaintiff. He knew the law because it's his own cases that have established the law in this area about what he needs to plead. And he knew the defects in his complaint because they were raised not just in the two motions but in the pre-motion letter briefing. And most tellingly, in the prior cases that he's handled, including some cases before these very judges. So this isn't just an instance where Mr. Bank can say, well, I didn't know what was going on here, or you can't hold against me other cases that I've been involved with when they involve the exact same language. He's a serial filer in this area. So he's an experienced TCPA lawyer and litigant. So he knows or should know exactly what he needs to plead and yet has never been able to do so in this case. And that's where the futility analysis comes in because, as Your Honor pointed out, he never proposed any amendments. He never said, this is what I could do to save this complaint. That's a sign of futility. He never made any arguments against futility. In fact, he never actually attacked that point. And every lawyer knows that if you don't respond to an argument, that's a concession. So given the history and the background of what was going on here, that's where this case ends up. And the case law that he's referring to, none of that, of course, is binding precedent, either on the district court judge or the magistrate judge or this court. There have been courts that have considered whether or not a litigant had the benefit of hearing from a court and have exercised discretion to allow leave. But there's certainly no rule in that regard. And the only case that comes close is the Lorelei case, which, of course, Appellant has mentioned. But the Lorelei case is also very clear that a request for leave can fail if the plaintiff gives not a clue. That's from the opinion. No clue about how the defects could be cured. And that was exactly your question, Judge Koehler. It's like, okay, well, what could you do? And the answer is he couldn't do anything. Ordinarily, in a motion to amend or to be excused from the dismissal, you have to attach a proposed pleading so the judge could have a sense of what he is seeking to plead. But it wasn't attached here. Isn't that correct? Precisely. That's exactly right. So that's why it was fair for the magistrate judge and the district court judge to say, sorry, no leave to amend. And unless there are any other questions, I think that ties it up. I feel we should talk longer since you made such a big trip. Always a pleasure to be here. Thank you, counsel. Thank you. Mr. Bank, were you able to hear an argument? I did. Perfectly clearly. Mr. Bank, why didn't you attach a proposed amended complaint if that's what you were seeking? I wasn't seeking that. That's my point. I was opposing the defendant's dismissal motion because I did not agree with it. To the extent that case law requires a proposed amended pleading, that would be in a situation when a plaintiff or party seeks leave to replete, seeks leave to amend the complaint. Obviously, if I had agreed with the defendant's dismissal motion, then that would be a different story. So were you or were you not seeking leave to replete? I was not. In opposing the motion, I believe I don't recall. I have to look in the record. I honestly don't recall offhand whether I had requested leave to replete. I mean, that would obviously be in the record. But my point is that I didn't have to do that. I opposed the motion. The court found that the court agreed with the defendant's enough of it, I should say, because it wasn't all of it. But enough of the defendant's dismissal motion. But again, I had not received the benefit of the court. Now, just a few points in my remaining minute and a half or two, which is that every point the defense counsel made was not correct. The defense counsel makes a point that I previously amended the complaint, but that's not to be held against me. The futility issue that the defense counsel just raised, again, the court never explained, never really actually other than speculating, never said, here is why, Mr. Bank, another amended complaint would be futile. The court never made that finding. And it would have to make that finding to deny leave to replete. And like I said, there are numerous courts, and this is cited in the briefs, where parties have served two, three, four, five amended complaints and didn't, like me, did not oppose the dismissal motion, but did not ask for leave to replete, and the court still granted it. And again, the record would show whether I asked or not. I honestly don't recall. And again, the defense counsel says, well, Mr. Bank had the benefit of our motion and our pre-motion letter. Well, that's true, but that's not what counts. That simply doesn't count, and defense counsel doesn't claim otherwise. And again, defense counsel also talks about the fact that I have prior cases. Now, not only, as I said earlier, that the district court recognized that my other cases were, quote, factually distinguishable from this case, but the defense counsel cites nothing, no authority whatsoever, that prior cases can be held against me. The defense counsel cites no authority for this made-up notion that because I'm an experienced TCPA attorney or experienced TCPA litigator, that that should be held against me. The only distinction is that as an attorney, I don't get the benefit that a pro se litigant gets in construing the pleadings. And that's fine. That wasn't the issue here. But it's not a question of, well, Mr. Bank had 28 cases and the other guy had 12, so the other guy gets to amend the complaint under the same circumstances, but Mr. Bank does not. That's just a made-up thing. Mr. Bank? Mr. Bank? Yes. Your time has expired. In conclusion, what do you want to tell us? In conclusion, I want to say that the dismissal should have been granted with leave to replead because the court never made a finding that I could not allege facts that would state a claim, that is, facts that are consistent with the last complaint. And, therefore, it was absolutely an abuse of discretion to say that because I've had other cases which were factually distinguishable, no less, in that court, that, therefore, leave to replead should be denied. I should have the right to try to prosecute my case now that I have had the input from the district court. Thank you. We'll reserve the decision. The last case on our calendar is on submission, so I will ask the clerk to adjourn court.